PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWUD SPAULDING, | ) | |
| | ) | CASE NO. 5:19CV01548 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| TIM SHOOP, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 70] |

### INTRODUCTION

Before the Court in this capital habeas corpus case is Petitioner Dawud Spaulding's motion to stay these proceedings and hold them in abeyance while he exhausts federal constitutional claims in state court. ECF No. 70. Specifically, he seeks to pursue state post-conviction relief for claims based on newly discovered evidence that the prosecution wrongfully withheld material, exculpatory evidence from the defense at trial. *See id*. at PageID #: 17766-72. Spaulding also requests authorization for his counsel, the Federal Public Defender's Office of the Southern District of Ohio, to appear in state court on his behalf. *Id*. at PageID #: 17777-80. Respondent Warden Tim Shoop does not oppose the motion. *Id*. at PageID #: 17765.[1] For the following reasons, the motion is granted.

---

[1] Respondent, however, does not concede that the new claims Spaulding wishes to exhaust are meritorious; nor does he make any representations that the state prosecutor will refrain from raising procedural defenses once Spaulding files the claims in state court. *See* ECF No. 70 at PageID #: 17765.

(5:19CV1548)

### RELEVANT BACKGROUND

Spaulding was convicted and sentenced to death in an Ohio state court for the aggravated murder of Erica Singleton and Ernie Thomas. See *State v. Spaulding,* 151 Ohio St. 3d 378, 378-86 (Ohio 2016). His state direct appeal and post-conviction petition were unsuccessful. *See id.* at 378 (direct appeal); *State v. Spaulding,* 119 N.E.3d 859, 866 (Ohio Ct. App. Sept. 12, 2018) (post-conviction review).

Spaulding filed his original petition for writ of habeas corpus in this Court on May 14, 2020. ECF No. 26. He then filed an amended petition, with Respondent's consent, on August 6, 2020. See ECF No. 30 at PageID #: 14212 n.1. Spaulding filed a second amended petition, also with Respondent's consent, on November 2, 2020. See ECF No. 34 at PageID #: 14456 n.1. In this petition, he asserted for the first time that the prosecution withheld numerous items of material, exculpatory evidence from the defense in violation of his constitutional rights under *Brady v. Maryland,* 373 U.S. 83 (1963). *See id.* at PageID #: 14622–35.

Spaulding then sought leave from the Court to amend his petition a third time to add an additional *Brady* claim based on the State's failure to disclose at trial that its DNA analysis of a baseball cap found at the scene of Spaulding's crimes concluded that the hat contained DNA belonging to Patrick Griffin, a surviving victim of the shooting, and another unknown man. See ECF No. 42 at PageID #: 15118. Spaulding alleged that this evidence, which his attorneys had just recently discovered, undermined the prosecution's theory at trial that he shot Griffin. *Id*. Respondent opposed the motion. ECF No. 41. The Court granted Spaulding permission to file the amended petition on May 17, 2021. ECF No. 43.

Spaulding then filed a fourth amended petition, this time with Respondent's permission, on June 8, 2022. See ECF No. 69 at PageID #: 17520 n.1. In it, he presents numerous new *Brady*

2

(5:19CV1548)

claims, again based on newly discovered evidence. The claims allege that the prosecution withheld favorable, material evidence supporting alternative theories of the offenses for which Spaulding was convicted, identifying alternative suspects, and providing impeachment material of key State witnesses and the police investigation, and that they presented false testimony from key State witnesses at trial. See *id*. at PageID #: 17691-717; ECF No. 70 at PageID #: 17766-72.

Now, Spaulding has filed an unopposed motion to stay these federal habeas proceedings and hold them in abeyance so that he can return to state court to exhaust his new *Brady* claims. ECF No. 70. He further seeks authorization for his counsel, the Federal Public Defender's Office of the Southern District of Ohio, to appear in state court on his behalf. *Id*. at PageID #: 17777-80.

### ANALYSIS

The Antiterrorism and Death Penalty Act of 1996 ("AEDPA"), which governs federal habeas corpus petitions, requires that state prisoners exhaust all federal claims before those claims may be reviewed by district courts on habeas review. 28 U.S.C. § 2254(b)(1). This entails giving state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999).

In *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982), the Supreme Court held that when a habeas petitioner presents a "mixed petition," with both exhausted and unexhausted claims, comity requires that state courts have the first opportunity to review the unexhausted claims. *Id*. at 518-19, 102 S. Ct. at 1203. *Lundy*'s "total exhaustion" requirement created a dilemma for petitioners, however, as a return to state court could result in the unexhausted claims becoming time-barred under AEDPA's one-year statute of limitations.

3

(5:19CV1548)

To avoid this harsh result, in *Rhines v. Weber,* 544 U.S. 269, 125 S. Ct. 1528 (2005), the Supreme Court authorized district courts, when confronted with a mixed petition, to stay the case and permit the petitioner to present his unexhausted claim to state court and then return to federal court for review of the perfected petition. *Id.* at 277, 125 S. Ct. at 1535. Stay and abeyance is appropriate, however, only when the district court determines that: (1) there was good cause for the petitioner's failure to exhaust claims first in state court; (2) the petitioner's unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id*. at 277-78, 125 S. Ct. at 1535. The procedure should be used sparingly, the Court cautioned, because otherwise, it could undermine AEDPA's goals of "'reduc[ing] delays in the execution of state and federal sentences, particularly in capital cases,'" and streamlining federal habeas proceedings by encouraging petitioners to seek relief from state courts first. *Id*. at 276-77, 125 S. Ct. at 1534-35 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206, 123 S. Ct. 1398 (2003)).

In the case at bar, as both parties agree, the *Rhines* requirements are satisfied. As Spaulding argues, he has "good cause" for failing to exhaust his new claims in state court, as his federal habeas counsel only discovered the allegedly suppressed evidence in the past two years – long after the deadlines for post-conviction actions in Ohio had expired. Indeed, as Spaulding notes, the Ohio Supreme Court recently lessened defendants' procedural burden in asserting *Brady* claims in untimely or successive petitions for post-conviction relief for that very reason. It rejected the prevailing position of lower Ohio courts that, in order to satisfy the jurisdictional requirement contained in Ohio Rev. Code § 2953.23(A)(1)(a) for review of an untimely or successive post-conviction petition that the petitioner was unavoidably prevented from discovering the facts upon which he must rely to obtain relief, a defendant asserting a *Brady* claim must show that he was unaware of the allegedly suppressed evidence and could not have discovered it by exercising

4

(5:19CV1548)

"reasonable diligence." *State v. Bethel,* – N.E.3d –, 2022 WL 838337, at *4 (Ohio March 22, 2022). Instead, recognizing the Supreme Court's admonition that defendants have no duty to "'scavenge for hints of undisclosed *Brady* material[,]'" Ohio's high court held that a defendant asserting a *Brady* claim in an untimely or successive post-conviction petition "satisfies the 'unavoidably prevented' requirement by establishing that the prosecution suppressed the evidence on which the defendant relies." *Id*. at *5 (quoting *Banks v. Dretke,* 540 U.S. 668, 695, 124 S. Ct. 1256 (2004)). Furthermore, the parties agree that none of these *Brady* claims are plainly meritless and there is no indication of abusive litigation tactics or intentional delay on Spaulding's part.

The Court, therefore, grants Spaulding's unopposed motion to stay these proceedings and hold them in abeyance so that he can exhaust his new *Brady* claims in state court.

The Court also grants Spaulding's unopposed request for authorization for the Office of the Federal Public Defender to represent him in the state-court litigation. This ruling authorizes Spaulding's federally appointed counsel, the Office of the Federal Public Defender, to appear in state court for the duration of his state court litigation, including any appeals and other matters that may arise related to these claims or any others that may be newly discovered while pursuing these claims.

## CONCLUSION

Accordingly, for the reasons stated above, the Court grants Spaulding's motion to stay these proceedings and hold them in abeyance while he pursues litigation in Ohio state courts and authorizes the Office of the Federal Public Defender to represent Spaulding in the state-court litigation. The Court further orders that Spaulding: (1) submit status reports every ninety days regarding the status of his state-court litigation; and (2) seek reinstatement on the Court's active

(5:19CV1548)

docket within thirty days of completing those proceedings.

      IT IS SO ORDERED.

| August 17, 2022 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |